IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER OTIS MATTHEWS,:
    Petitioner, :
:    No. 1:17-cv-02079
v. :
:    (Judge Rambo)
FCI ALLENWOOD, WARDEN :
    Respondent :

## MEMORANDUM

Pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), filed by petitioner Alexander Otis Matthews ("Matthews"), a federal inmate confined at the Allenwood Federal Correctional Institution ("FCI-Allenwood"), in White Deer, Pennsylvania. Matthews is serving a one hundred and twenty (120) months sentence imposed by the United States District Court for the Eastern District of Virginia. (Id.) In his habeas petition, Matthews seeks an order to transfer him to a Residential Re-Entry Center ("RRC") to serve the remainder of his prison sentence in accordance with an incentive provision in the Second Chance Act of 2007.[1]

Respondent has filed a response to the habeas petition (Doc. No. 9), contending that the petition should be dismissed because Matthews has failed to

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect. The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of pre-release placement in a RRC form six (6) to twelve (12) months. 18 U.S.C. § 3624(c)(1), (c)(6)(C).

exhaust his administrative remedies. In addition to his traverse (Doc. No. 10), Matthews has filed a motion to correct an error in his pleading (Doc. No. 8), and motion for leave to file updated sworn declaration (Doc. No. 11).[2] Accordingly, this matter is ripe for disposition. For the reasons that follow, the petition and motion will be dismissed.

**I.     BACKGROUND**

On September 30, 2011, Matthews was convicted in the United States District Court for the Eastern District of Virginia of wire fraud/bank fraud and sentenced to a one hundred and twenty (120) months sentence. (Doc. No. 1, 5.) His projected release date is April 3, 2019, with a sentence reduction under the Residential Drug Abuse Program ("RDAP"). (Doc. No. 8; Doc. No. 9-1, Ex. 1, Att. A.)

Matthews filed the instant habeas petition on November 13, 2017, seeking a "judicial recommendation that [he] be given 6 months halfway house and 6 months home confinement." (Doc. No. 1 at 18.) Matthews acknowledges that he has not exhausted his administrative remedies with respect to the claim in the instant

---

[2] Matthews' motion to correct an error in his pleading seeks to correct the projected release date of October 3, 2018, as provided for in his petition, to April 3, 2019. (Doc. No. 8.) In his motion for leave to file an updated sworn declaration (Doc. No. 11), Matthews attaches a sworn declaration in which he provides the Court with information related to a subsequent meeting with his case manager since the filing of this petition. The Court will grant both motions insofar as the Court will consider the contents of both motions in rendering its decision in this matter.

2

habeas petition, however, he asserts that he should be excused from exhausting the administrative remedies due to futility. (Id. at 14.) In support of this argument, Matthews asserts that by the time he fully exhausted his administrative remedies, it would be likely that he would be "inside the twelve months before his release date making his petition essentially moot." (Id. at 17.)

## II. DISCUSSION

Matthews' habeas petition is procedurally flawed in that he has failed to properly exhaust his administrative remedies. Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United States Parole Comm'n., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief

requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm").

Regarding an inmate's concern with RRC placement and other institutional matters, the BOP has adopted a three-tiered administrative remedy procedure where an inmate may submit complaints relating to any aspect of his confinement. 28 C.F.R. § 542.10, et seq. Generally, an inmate must first present his complaint to staff in an attempt to informally resolve the matter. Id. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written complaint to the warden on the appropriate form within twenty (20) calendar days of the date on which the events which form the basis for the complaint took place. Id. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may

4

then file an appeal to the Regional Director within twenty (20) calendar days. Id. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the General Counsel (Central Office) within thirty (30) calendar days from the date of the Regional Director's response. (Id.) The Central Office decision is the final level of administrative review. (Id.)

In the matter at bar, Matthews admits that he did not exhaust his administrative remedies with respect to his RRC placement. (Doc. No. 1.) Respondent notes that while Matthews filed 54 administrative remedies while incarcerated, none of these address his RRC placement. (Doc. No. 9 at 2.) Instead, Matthews circumvented the entire BOP Administrative Remedy Program and filed the instant habeas petition. Clearly, Matthews' petition is premature under the standards set forth in Moscato. Nevertheless, Matthews requests that this Court excuse him from exhausting his administrative remedies because he alleges that compliance with the Administrative Remedy Program would take months, delay his application for placement in RRC, and ultimately, would be futile. (Doc. Nos. 1, 5.)

Courts within this district have consistently concluded that "[e]xhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-

release mark, which is simply a statutory maximum and not a mandate." Ross v. Martinez, Civ. No. 09-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009). Consequently, courts have consistently rejected habeas petitions brought under the Second Chance Act when inmates have failed to exhaust their administrative remedies. See, e.g., Bracy v. Warden, FCI Allenwood, Civ. No. 17-2355, 2018 WL 435211 (M.D. Pa. Jan. 1, 2018); Hoskins v. Lane, Civ. No. 17-1232, 2017 WL 3873705 (M.D. Pa. Sept. 5, 2017); Hicks v. Warden, Civ. No. 16-2476, 2017 WL 4269407 (M.D. Pa. Sept. 26, 2017); Bisulca v. Schism, Civ. No. 09-2552, 2010 WL 1805394 (M.D. Pa. May 5, 2010).

Moreover, Matthews cannot avoid the exhaustion requirement by simply asserting that he regards the administrative process as futile. Melchiorre v. Martinez, Civ. No. 09-1123, 2009 WL 3241678, at *3 (M.D. Pa. Sept. 30, 2009) (providing that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark"); Romero v. Meeks, Civ. No. 14-11, 2014 WL 4796579, at *5 (W.D. Pa. Sept. 26, 2014) (quoting Amirnazmi v. Scism, Civ. No. 11-273, 2011 WL 5854579, at *6-7 (M.D. Pa. Nov. 21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of

administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released to a halfway house)).  Additionally, the Third Circuit has explained that when discretionary prison decisions regarding RRC placement are examined, exhaustion is required before a prisoner may proceed to federal court.  Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012).

Finally, there is no indication that requiring Matthews to properly utilize the administrative review process would cause him irreparable harm.  He is not being held by the BOP beyond the term of imprisonment imposed by the United States District Court for the Eastern District of Virginia.  His projected release date is April 3, 2019, and he is currently serving his judicially imposed sentence.

## III.    CONCLUSION

Because Matthews has not exhausted his administrative remedies and has not shown that his failure to do so is excusable, the Court will dismiss the petition for writ of habeas corpus without prejudice to the filing of a new 28 U.S.C. § 2241 petition after he has fully exhausted the appropriate administrative remedies.  An appropriate order follows.

                            s/Sylvia H. Rambo
                            SYLVIA H. RAMBO
                            United States District Judge

Dated: January 29, 2018